IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 2:11-cv-00318 |
| | § | |
| RONALD S. HERNDON, | § | |
| HERNDON MARINE PRODUCTS, INC., | § | |
| GULF KING SERVICES, INC., and | § | |
| SEA SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, AND
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT**

This matter comes before the Court on a Motion to Dismiss of Defendants Ronald S. Herndon, Herndon Marine Products, Inc., Gulf King Services, Inc. and Sea Services, Inc., and Alternatively, Motion for More Definite Statement. (D.E. 14.)  In response to Defendants' Motion to Dismiss, but without admitting any deficiency in its First Amended Complaint, Plaintiff filed a Second Amended Complaint to provide Defendants with additional notice of Plaintiff's claims and factual allegations. (D.E. 21.)  Additionally, Plaintiff filed a Response requesting that the Court deny Defendants' Motion to Dismiss, or in the alternative, that the Court grant it leave to file a Third Amended Complaint. (D.E. 22.)

For the reasons set forth below, Defendants' Motion to Dismiss, and Alternatively, Motion for More Definite Statement (D.E. 14) is **DENIED**.

**I.  INTRODUCTION**

Defendants request that the Court dismiss Plaintiff's First Amended Complaint on the following grounds: (A) pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff lacks proper standing; (B) pursuant to FED. R. CIV. P. 12(b)(7) for failure to join all necessary parties; and (C) pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (D.E. 14 at 1–5.)  Alternatively, Defendants request a more definite statement pursuant to FED. R. CIV. P. 12(e) as the current pleadings are so vague that Plaintiff cannot reasonably be required to prepare a responsive pleading. (D.E. 14 at 5–6.)  Plaintiff argues that Defendants' Motion to Dismiss should be denied on all grounds, as well as its Motion for a More Definite Statement. (D.E. 22.)

**II.  ANALYSIS**

    **A.  Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants argue that Plaintiff lacks proper standing to complain of and pursue the matters alleged in the First Amended Complaint. (D.E. 14 at 2.)  The requirements for constitutional standing under Article III are familiar: (a) Plaintiff suffered an injury in fact; (b) there exists a causal link between the injury sustained and Defendants' conduct; and (c) the injury is one that is likely to be redressed by a favorable ruling. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03 (1998); *In re Mirant Corp.*, No. 11-10070, 2012 WL 919620, at *2 (5th Cir. Mar. 20, 2012).  A motion to dismiss for lack of constitutional standing is properly addressed under FED. R. CIV. P. 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011).

Defendants argue that Plaintiff has failed to sufficiently demonstrate standing. Defendants do not specifically state which element is lacking, but generally argue that Plaintiff's

request for a deficiency judgment is "based upon a lengthy, complicated and complex series of purported notes, obligations, deeds of trust, contracts, assignments, assumptions, guarantees and other transactions." (D.E. 14 at 2.)  In other words, Defendants assert that Plaintiff's complaint is too ambiguous given the complexity of the claims alleged. (*Id*.)

Having reviewed Plaintiff's First Amended Complaint (D.E. 4), the Court concludes that Plaintiff—acting by and through the United States Attorney for the Southern District of Texas, who brings this action on behalf of the United States of America, the United States Secretary of Commerce, the National Oceanic and Atmospheric Administration (NOAA), and the National Marine Fisheries Service (NMFS)—has standing to assert its claims against Defendants under the Merchant Marine Act and the Federal Debt Collection Act. *See* 46 U.S.C. § 53725(a); 28 U.S.C. § 3002(15).  The First Amended Complaint alleges that Defendants failed to timely repay the principal and interest on a debt owed to the United States as required by various promissory notes and repayment agreements signed by the parties.  Plaintiff requests that the Court issue a judgment in favor of the United States for the deficiency due to the government, along with any post-judgment interest.

While the various agreements and relationships between the parties may be somewhat complex, Plaintiff's underlying theory of liability is not.  Moreover, Plaintiff's First Amended Complaint is not ambiguous with regard to its theory of liability against Defendants.  In sum, Defendants failed to articulate why Plaintiff lacks standing or provide any precedent to support such a conclusion.  Complexity alone is not grounds for dismissal under Rule 12(b)(1). Accordingly, the Court finds that the First Amended Complaint alleges sufficient facts to demonstrate that the United States has standing and that this Court has subject matter jurisdiction. Defendants' Rule 12(b)(1) motion is therefore **DENIED**.

### B.     Rule 12(b)(7) Motion to Dismiss for Failure to Join All Necessary Parties

Next, Defendants argue that Plaintiff's First Amended Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(7) because Plaintiff failed to join all necessary parties. (D.E. 14 at 3.) Defendants argue that paragraph ten of the First Amended Complaint refers to an "intercreditor Agreement," which included not only Defendants, but also approximately fifty other signatory entities. (*Id*.)  Because Plaintiff failed to identify the additional signatories as parties to this litigation, Defendants argue that dismissal is appropriate. (*Id*.)

The party advocating joinder carries the initial burden of showing that a party is necessary under FED. R. CIV. P. 19(a). *Hood ex rel. Mississippi v. Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).  If an initial appraisal of the facts shows that a necessary party has not been joined, then the burden shifts to the party opposing joinder to dispute the necessity of the missing party. *Id*.

Plaintiff seeks to hold Defendant Herndon Marine Products, Inc. liable under the terms and conditions of two promissory notes, and it seeks to hold Defendants Ronald S. Herndon, Gulf King Services, Inc., and Sea Services, Inc. liable under the terms and conditions of the Guaranty Agreement. (D.E. 22 at 4.)  Plaintiff asserts that full relief can be accorded among the existing parties and that none of the forty-eight vessel corporations claim an interest in this litigation such that the disposition of this matter without their joinder would impair or impede their ability to protect their interests, or subject an existing party to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. (*Id*.)  Defendants have failed to allege any facts to support a finding that the forty-eight vessel corporations referenced in the inter-creditor Agreement are necessary.

In sum, there is no indication that the forty-eight vessel corporations referenced in the inter-creditor Agreement have an interest in this litigation. Moreover, even assuming that Defendants met their initial burden, Plaintiff carried its burden of disputing any interest by these parties. Accordingly, Defendants' Rule 12(b)(7) motion to dismiss is **DENIED**.

C.  **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Defendants additionally move to dismiss Plaintiff's First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6). (D.E. 14 at 4–5.) FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 12(b)(6), however, requires factual allegations sufficient to raise the entitlement to relief above the level of mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The test of pleadings under FED. R. CIV. P. 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources. *Twombly*, 550 U.S. at 557–58.

Defendants argue that dismissal is appropriate because Plaintiff's First Amended Complaint failed to include the following factual allegations:

> (a) any type of accounting of how the principal and/or interest amounts purportedly due and owing were calculated; (b) any sort of averment, whether verified or not, that [Plaintiff] possesses the necessary assignments and other contractual requirements to be legally entitled to relief sought in its First Amended Complaint if taken as true; (c) any verification or supporting documentation regarding or relating to the various transactions, notes and obligations allegedly due and owing by Defendants; or (d) any supporting documentation demonstrating its compliance with all the necessary conditions precedent to seeking such draconian relief against Defendants.

(D.E. 14 at 5.) Plaintiffs arguments are more appropriately suited to a motion for summary judgment than a motion to dismiss. The Court finds that the First Amended Complaint contains

sufficient factual allegations that, if taken as true, state a plausible claim for relief. Accordingly, Defendants' Rule 12(b)(6) Motion to Dismiss is **DENIED**.

### D. Rule 12(e) Motion for More Definite Statement

Finally, Defendants request that this Court enter an Order requiring Plaintiff to prepare a more definite statement of its allegations pursuant to FED. R. CIV. P. 12(e). (D.E. 14 at 5–6.) Defendants argue that Plaintiff's First Amended Complaint is so vague and ambiguous that they cannot reasonably prepare a response. (*Id*. at 5.)  The Court disagrees.  Defendants have sufficient factual details to enable them to reasonably prepare a response.  Moreover, Plaintiff filed a Second Amended Complaint to provide Defendants with additional notice of Plaintiff's claims and factual allegations. (D.E. 22 at 6.)  Accordingly, Defendant's Rule 12(e) Motion for More Definite Statement is **DENIED**.

### III. CONCLUSION

Defendants' Motion to Dismiss, and Alternatively, Motion for More Definite Statement (D.E. 14) is **DENIED**.  Defendants must file a responsive pleading to Plaintiff's Second Amended Complaint as well as a response to Plaintiff's Motion for Summary Judgment as required by the Federal Rules of Civil Procedure.

**ORDERED** this 13th day of April 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**