IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | JURY TRIAL DEMANDED |
| *Petitioner,* § | | |
| § | | |
| v. § | | |
| § | | CIVIL ACTION NO. 2:11-cv-00318 |
| RONALD S. HERNDON, § | | |
| HERNDON MARINE PRODUCTS, INC., § | | |
| GULF KING SERVICES, INC. and § | | |
| SEA SERVICES, INC., § | | |
| *Defendants.* § | | |

**RESPONSE OF DEFENDANTS RONALD S. HERNDON, HERNDON MARINE PRODUCTS, INC., GULF KING SERVICES, INC. AND SEA SERVICES, INC. TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE, *AND ALTERNATIVELY,* VERIFIED MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Ronald S. Herndon (hereinafter "Herndon"), Herndon Marine Products, Inc. (hereinafter "Herndon Marine"), Gulf King Services, Inc. (hereinafter "Gulf King") and Sea Services, Inc. (hereinafter "Sea Services") (hereinafter collectively "Defendants"), and file this Response to Plaintiff's Motion for Summary Judgment (Dkt. #19), Objections to Plaintiff's Summary Judgment Evidence, and Alternatively, Motion for Continuance. In support thereof, Defendants would show as follows:

**I.
SUMMARY AND BRIEF BACKGROUND**

1. In the litigation presently before this Court, Plaintiff seeks a deficiency judgment against Defendants based upon a lengthy, complicated and complex series of purported notes, obligations, deeds of trust, contracts, assignments, assumptions, guarantees and other transactions (hereinafter "transactions, notes and obligations"), each of which allegedly relating

to one (1) or more of the separate Defendants in some capacity or another. These various transactions, notes and obligations, which date back to October 26, 1993, cover a period of almost two (2) decades and purportedly involving many separate governmental bodies, agencies, departments and divisions, as well as other quasi-governmental bodies and organizations, many of whom are not parties to this litigation.

2. Plaintiff commenced this litigation on October 7, 2011, but did not effectuate service of process upon Defendants until several months later. Upon their acceptance of service of Plaintiff's First Amended Complaint Seeking Deficiency Judgment, Defendants filed and served their Motion to Dismiss, and Alternatively, Motion for More Definite Statement ("Motion to Dismiss"), on January 6, 2012.[1]

3. While Defendants' Motion to Dismiss was still pending before this Court, Plaintiff filed and served its Motion for Summary Judgment on March 22, 2012, seeking final judgment on all claims at issue.[2] Despite the filing of Plaintiff's Motion for Summary Judgment, Plaintiff then filed and served Plaintiff's Second Amended Complaint on March 27, 2012,[3] apparently in response to Defendants' Motion to Dismiss. By Order dated April 13, 2012, this Court denied Defendants' Motion to Dismiss, at which time the Court instructed Defendants to file responsive pleadings to Plaintiff's Second Amended Complaint and Plaintiff's Motion for Summary Judgment pursuant to the Federal Rules of Civil Procedure.[4]

4. Given the infancy of this litigation, Defendants have not been afforded the opportunity to conduct the discovery necessary to respond properly and fully to Plaintiff's Motion for Summary Judgment. Notwithstanding their lack of interrogatories, document

---

[1] *See* Dkt. #14.
[2] *See* Dkt. #19.
[3] *See* Dkt. #21.
[4] *See* Dkt. #23.

production, admissions, deposition testimony and other sources of proof typically relied upon in responding to a fully dispositive motion, Defendants provide these Objections to Plaintiff's Summary Judgment Evidence and Response to Plaintiff's Motion for Summary Judgment, which demonstrate Plaintiff has failed to prove its entitlement to judgment as a matter of law as genuine issues of material fact remain unsettled and in dispute.

5. Alternatively, Defendants file this Verified Motion for Continuance, seeking a continuance of hearing on Plaintiff's Motion for Summary Judgment to allow Defendants an opportunity to conduct discovery into Plaintiff's claims and the various affirmative defenses raised in Defendants' Answer to Plaintiff's Second Amended Complaint.[5]

## II.
## OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

6. Pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, Defendants file and assert the following objections and challenges to the various items of proof relied upon by Plaintiff in Plaintiff's Motion for Summary Judgment:

   a. Defendants object to Exhibit 1 to Plaintiff's Motion for Summary Judgment, Declaration of Timothy L. Ward in Support of the United States of America's Motion for Summary Judgment ("Ward Declaration"), as the declarant lacks personal knowledge of the facts stated therein.[6] Although the declarant generally states he has "person knowledge of the facts stated herein," the declarant fails to provide sufficient evidence he has personal knowledge of the transactions, notes and obligations at issue or of the servicing of the transactions, notes and obligations – which span a period of more than two (2) decades. Furthermore, the declarant fails to demonstrate he has personal knowledge of the methodology or calculation of accrued interest or the various offsets and credits to which Defendants may be entitled. Accordingly, because the declarant fails to prove he has personal knowledge of the material statements made therein, Exhibit 1 is objectionable, inadmissible, and should be stricken from this Court's record.

   b. Defendants object to Exhibit 1 to Plaintiff's Motion for Summary Judgment as the Ward Declaration is improper hearsay and/or is improperly based upon hearsay. Specifically, the declarant provides no competent evidence sufficient to

---
[5] *See* Dkt. #24.
[6] FED. R. CIV. P. 56(c)(4); *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004).

3

demonstrate he has personal knowledge regarding the various assertions made therein. Thus, the information relied upon by declarant in preparing any portion of Exhibit 1 about which declarant lacked specific, personal knowledge constitutes impermissible hearsay. Accordingly, because Exhibit 1 contains impermissible hearsay, Exhibit 1 is objectionable, inadmissible, and should be stricken from the record.

c. Defendants object to Exhibit 1 to Plaintiff's Motion for Summary Judgment as the Ward Declaration is conclusory.[7] Specifically, Paragraphs 2, 3, 12, 13, 6, 9, 11, 12, 13, 15, 16, 17, 18, 19, 21, 22 and 23 contain unsubstantiated allegations and assertions concerning the execution, acceptance, repayment, settlement and intent of the parties with respect to the transactions, notes and obligations at issue that are not supported by the record currently before this Court or the attachments to Exhibit 1. Accordingly, because Exhibit 1 contains conclusory assertions without proper support found in this Court's record, Paragraphs 2, 3, 12, 13, 6, 9, 11, 12, 13, 15, 16, 17, 18, 19, 21, 22 and 23 of Exhibit 1 is objectionable, inadmissible, and should be stricken from the record.

d. Defendants object to Exhibit 1 to Plaintiff's Motion for Summary Judgment as the Ward Declaration is speculative.[8] Specifically, Paragraphs 6, 9, 11, 12, 13, 15, 16, 17, 18, 19, 21, 22 and 23 contain unsupported speculation regarding the purpose of the subject transactions, notes and obligations, their acceptance and agreement by Defendants and the intent of Defendants to repay such obligations, if any. Accordingly, because Exhibit 1 contains impermissible speculation unsupported by this Court's record, Paragraphs 2, 3, 12, 13, 6, 9, 11, 12, 13, 15, 16, 17, 18, 19, 21, 22 and 23 of Exhibit 1 is objectionable, inadmissible, and should be stricken from the record.

e. Defendants object to Exhibit 1 to Plaintiff's Motion for Summary Judgment as the Ward Declaration is lacking the proper foundation concerning the calculation of the interest accrued on Defendants' alleged indebtedness.[9] Although Exhibit 1 references the purportedly applicable interest rates and principal amounts of the alleged transactions, notes and obligations at issue, Exhibit 1 fails to provide any support or other proper foundation regarding how such accrued interest was calculated, the principal amounts upon which such interest was calculated and how such interest calculations were impacted by the multiple offsets and credits due and owing to Defendants. Accordingly, because Exhibit 1 lacks sufficient foundation concerning the calculation of the interest accrued on Defendants' alleged indebtedness, Exhibit 1 is objectionable, inadmissible, and should be stricken from the record.

---

[7] FED. R. CIV. P. 56(c)(4); *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002) (Noting that conclusory allegations, speculation, unsubstantiated assertions, and legalistic argumentation are no substitute for specific facts …."); *see also Cooper-Schut*, 361 F.3d at 429; *BellSouth Telecomms. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2nd Cir. 1996).

[8] FED. R. CIV. P. 56(c)(4); *TIG Ins. Co.*, 276 F.3d at 759; *see also Cooper-Schut*, 361 F.3d at 429; *BellSouth Telecomms.*, 77 F.3d at 615.

[9] FED. R. CIV. P. 56(c)(1); 56(c)(4).

f. Defendants object to Exhibit 1 to Plaintiff's Motion for Summary Judgment as the Ward Declaration is lacking the proper foundation concerning the various offsets and credits due and owing to Defendants as the result of the multiple foreclosures taken by Plaintiff in an attempt to satisfy Defendants' alleged indebtedness.[10] While Exhibit 1 acknowledges the foreclosures taken by Plaintiff against Defendants' real property and assets and conclusively avers, without proper support or foundation, that such amounts were credited against Defendants' alleged indebtedness, Exhibit 1 lacks sufficient detail regarding the calculation of the various offsets and credits and further lack sufficient detail regarding how such sums were credited in Defendants' favor. Accordingly, because Exhibit 1 lacks sufficient foundation concerning the various offsets and credits due and owing to Defendants, Exhibit 1 is objectionable, inadmissible, and should be stricken from the record.

7. Accordingly, Defendants respectfully request that this Court strike the objectionable summary judgment proof appended to Plaintiff's Motion for Summary Judgment. Furthermore, because such objectionable proof fails to support the factual allegations set forth therein, Defendants respectfully request this Court deny Plaintiff's Motion for Summary Judgment.

## III.
## RESPONSE TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

A. **SUMMARY JUDGMENT STANDARD.**

8. It is well-settled that summary judgment is appropriate only where the evidence properly before the Court, when considered in the light most favorable to the non-movant, demonstrates "there is no genuine issue as to any material fact."[11] "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[12] In examining the summary judgment motion and supporting proof, the Court

---

[10] FED. R. CIV. P. 56(c)(1); 56(c)(4).
[11] *See, e.g., TIG Ins. Co.*, 276 F.3d at 759; *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[12] *TIG Ins. Co.*, 276 F.3d at 759.

must "draw all justifiable inferences in favor of the non-moving party."[13] "[A]fter adequate time for discovery," summary judgment is appropriate only where the non-movant fails to establish "there can be 'no genuine issue as to any material fact' …."[14]

**B.     PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FAILS TO ESTABLISH THE ABSENCE OF GENUINE ISSUES OF DISPUTED FACT.**

9.     Rather than demonstrating a complete absence of genuine issues of disputed fact concerning its claims, Plaintiff's Motion for Summary Judgment merely sheds additional light on the many unsettled and unresolved factual disputes present in this litigation.

*A Genuine Issue of Disputed Fact Exists as to the Negotiation, Acceptance and Execution of the Transactions, Notes and Obligations at Issue.*

10.     With respect to the negotiation, acceptance and execution of the various loans and guaranty agreements made the subject of this litigation, Plaintiff has presented no competent summary judgment evidence sufficient to support the entry of judgment in favor of Plaintiff as a matter of law.

11.     For example, Plaintiff avers in Paragraph seven (7) of its Motion for Summary Judgment that "On or about June 16, 2009 [Herndon Marine] and [Gulf King] agreed to pay a sum certain to United States of America, NMFS on or before March 24, 2010, in order to satisfy the indebtedness due …."[15] Plaintiff purportedly relies upon an almost identical paragraph in Exhibit 1 to Plaintiff's Motion for Summary Judgment in support of this factual allegation.[16] However, as noted in the Objections to Plaintiff's Summary Judgment Evidence portion above, Exhibit 1 to Plaintiff's Motion for Summary Judgment provides no competent summary judgment evidence to support this factual allegation as no such accord is produced or attached

---

[13] *Id.*
[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quoting *Anderson*, 477 U.S. at 250).
[15] *See* Plaintiff's Motion for Summary Judgment (Dkt. #19), at ¶ 7.
[16] *See Id.*, Exhibit 1, at ¶ 14.

6

thereto. Additionally, Defendants have alleged and asserted the affirmative defense of accord and satisfaction to Plaintiff's claims, as any such accord purportedly entered into between the Parties would have superseded the original loan and guaranty agreements.

12. As a result, a genuine issue of fact exists with respect to the negotiation, acceptance and execution of the various transactions, notes and obligations upon which Plaintiff's claims are founded. Accordingly, Plaintiff's Motion for Summary Judgment must be denied.

*A Genuine Issue of Disputed Fact Exists Concerning the Notice, Offsets, Credits and Other Amounts Due and Owing to Defendants and the Total Amount Allegedly Owed by Defendants.*

13. Additionally, Plaintiff has failed to demonstrate its entitlement to summary judgment as to all claims as a genuine issue of disputed fact exists with respect to the required notice due to Defendants and the amount, calculation and application of all applicable offsets and credits due and owing to Defendants as a result of the various payments made by Defendants and funds received as a result of the foreclosure actions taken by Plaintiff against Defendants' assets. Similarly, Plaintiff has failed to demonstrate, by reference to competent summary judgment evidence before this Court, the total amount allegedly owed by Defendants.

14. In Plaintiff's Motion for Summary Judgment, Plaintiff avers it "provided obligor [Herndon Marine] and the guarantors … with written notice, in accordance with applicable terms of the Deeds of Trust, Guaranty Agreements, promissory notices, and applicable Texas state law, that the United States of America had properly posted the Ranch and Island properties for non-judicial foreclosure sales …."[17] Plaintiff goes on to aver in the following paragraph that "the United States of America, NMFS properly sold the Ranch and the Island properties in non-

---

[17] *See* Plaintiff's Motion for Summary Judgment (Dkt. #19), at ¶ 8.

judicial foreclosure sales ..." and that "[t]he property owners, obligor, and guarantors of the notes were given all proper advance written notice of the sales."[18]

15. In support of these factual allegations, Plaintiff refers the Court to Exhibit 1 to Plaintiff's Motion for Summary Judgment. However, as noted above, Exhibit 1 fails to provide the necessary, admissible evidence to support Plaintiff's factual allegations in that regard. Specifically, Exhibit 1 includes no evidence that Defendants were provided with the requisite written notice of such foreclosure proceedings other than the naked, conclusory statements of the declarant.[19] As a result, a genuine issue of material fact exists with respect to Plaintiff's compliance with the conditions precedent to taking action against Defendants for an alleged deficiency.

16. Similarly, Plaintiff makes the conclusory allegation in its Motion for Summary Judgment that "[a]fter all just credits and offsets, …" a sum certain is owed by Defendants, including the principal amount of the subject loans plus accrued interest.[20] Plaintiff fails, however, to provide a sufficient accounting of how such credits and offsets due and owing Defendants as a result of the foreclosure actions were applied to Defendants' alleged indebtedness.

17. Furthermore, Plaintiffs fail to demonstrate conclusively its compliance with the Texas Deficiency Judgment Act, which is asserted as an affirmative defense by Defendants in their Answer to Plaintiff's Second Amended Complaint.[21] The Texas Deficiency Judgment Act provides, in relevant part:

> (a) If the price at which real property is sold at a foreclosure sale … is less than the unpaid balance of the indebtedness secured by the real property, resulting

---

[18] *See Id.*, at ¶ 9.
[19] *See Id.*, Exhibit 1, at ¶ 16.
[20] *See Id.*, at ¶¶ 10-11.
[21] *See* Defendants' Answer to Plaintiff's Second Amended Complaint (Dkt. #24), at ¶ 28.

> in a deficiency, any action brought to recover the deficiency must be brought within two years of the foreclosure sale and is governed by this section.
>
> (b) Any person against whom such a recovery is sought by motion may request that the court in which the action is pending determine the fair market value of the real property as of the date of the foreclosure sale ….
>
> (c) If the court determines that the fair market value is greater than the sale price of the real property at the foreclosure sale, the persons against whom recovery of the deficiency is sought are entitled to an offset against the deficiency in the amount by which the fair market value, less the amount of any claim, indebtedness, or obligation of any kind that is secured by a lien or encumbrance on the real property that was not extinguished by the foreclosure, exceeds the sale price.[22]

18. Although Exhibit 1 to Plaintiff's Motion for Summary Judgment alleges that at foreclosure, "the United States of America, NMFS was the successful bidder with a credit bid of $150,000"[23] for the Ranch property and that the Island property was purchased by "HCDM Investments, Ltd. [for] a bid of $650,000,"[24] Plaintiff's summary judgment evidence fails to provide any evidence of the fair market value of either the Ranch or Island property at the time of the foreclosure sale, and whether the foreclosure sale price was equal to or exceeded the fair market value of the Ranch and Island properties.

19. As a result, Plaintiffs have failed to establish, through competent summary judgment evidence, that no genuine issues of disputed fact exist with respect to the amount, calculation and application of all applicable offsets and credits due and owing to Defendants as a result of the various payments made by Defendants and funds received as a result of the foreclosure actions taken by Plaintiff against Defendants' assets. Similarly, Plaintiff has failed to demonstrate, by reference to competent summary judgment evidence on file in this litigation, the

---

[22] TEX. PROP. CODE §51.003.
[23] *See* Plaintiff's Motion for Summary Judgment (Dkt. #19), Exhibit 1, at ¶ 17.
[24] *See Id.*, Exhibit 1, at ¶ 18.

total amount allegedly owed by Defendants. Accordingly, Plaintiff's Motion for Summary Judgment must be denied.

## IV.
## VERIFIED MOTION FOR CONTINUANCE

20. In the alternative, and pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Defendants file this Verified Motion for Continuance, seeking additional time to conduct discovery prior to hearing on Plaintiff's Motion for Summary Judgment.[25] In support thereof, Defendants would respectfully show as follows:

21. As this Court is aware, Plaintiff filed and served its Motion for Summary Judgment on March 22, 2012.[26] At the time of filing of Plaintiff's Motion for Summary Judgment, Defendants' Motion to Dismiss and, Alternatively, Motion for More Definite Statement was still pending before this Court.[27] On April 13, 2012, this Court issued its Order Denying Defendants' Motion to Dismiss, and Alternatively, Motion for More Definite Statement.[28] In the interim, however, Plaintiff filed and served its Second Amended Complaint on March 27, 2012, incorporating additional factual allegations in support of its claim for deficiency judgment against Defendants.[29] Upon receipt of this Court's Order Denying Defendants' Motion to Dismiss, Defendants timely filed their Answer to Plaintiff's Second Amended Complaint pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure on April 25, 2012.[30]

22. As is evidenced by the relevant chronology set forth immediately above, this litigation is still in its infancy. Defendants have not yet been afforded an opportunity to conduct

---

[25] FED. R. CIV. P. 56(d); *see also Celotex*, 477 U.S. at 322 (expressly noting Rule 56(c) mandates the entry of summary judgment only "after adequate time for discovery …."). 
[26] *See* Dkt. #19. 
[27] *See* Dkt. #14. 
[28] *See* Dkt. #23. 
[29] *See* Dkt. #21. 
[30] *See* Dkt. #24.

the discovery and investigation needed to develop sufficient evidence to respond to Plaintiff's Motion for Summary Judgment or to discern the validity or veracity of the newly-alleged factual assertions contained in Plaintiff's Second Amended Complaint. By way of example, Defendants have not been afforded the opportunity to depose any fact witnesses, such as Declarant Timothy L. Ward, whose testimony serves as the central evidentiary support for Plaintiff's Motion for Summary Judgment, concerning the initial execution of the various transactions, notes and obligations upon which this litigation is founded or to further investigate Plaintiff's calculation of the interest allegedly accrued upon the principal loan amounts. Similarly, Defendants have not yet been afforded the opportunity to determine whether Plaintiff has properly accounted for the various offsets and credits due to Defendants in light of Plaintiff's foreclosures on several items of real property purportedly provided by Defendants as collateral to their alleged indebtedness.

23. Moreover, and most significantly, Defendants have not yet been afforded an opportunity to investigate or conduct discovery of any nature concerning the twelve (12) affirmative defenses to Plaintiff's claims asserted in Defendants' Answer to Plaintiff's Seconded Amended Complaint, including but not limited to accord and satisfaction, offsets and credits, and application of the Texas Deficiency Judgment Act.[31]

24. Should Defendants be afforded the necessary discovery into the initial execution of the various promissory notes and guaranty agreements made the subject of Plaintiff's claims, Defendants anticipate such discovery would reveal several disputed issues of fact central to the very core of this litigation. Similarly, should Defendants be afforded an opportunity to conduct discovery into Plaintiff's calculation of interest accrued on the alleged indebtedness and Plaintiff's application of the various offsets and credits due and owing to Defendants as a result

---

[31] *See* Dkt. #24.

of the multiple foreclosures taken by Plaintiff, Defendants anticipate such discovery would reveal additional disputed issues of fact central to Plaintiff's alleged damages.

25. Finally, should Defendants be provided an opportunity to investigate and conduct discovery into their various affirmative defenses to Plaintiff's claims, Defendants anticipate such investigation and discovery would reveal Plaintiff's failure to comply with all necessary conditions precedent and failure to comply with the requirements of the Texas Deficiency Judgment Act, as well as a potential defect in the parties and other facts supporting the affirmative defenses of laches, limitations, payment, release, waiver and accord and satisfaction.

26. Thus, given the relative infancy of this litigation, the newly-asserted factual allegations contained in Plaintiff's Second Amended Complaint and Defendants' inability to conduct the necessary discovery to support its timely and properly pleaded affirmative defenses, Plaintiff's Motion for Summary Judgment is premature.[32] Accordingly, Defendants seek additional time from the Court to conduct discovery necessary to respond to Plaintiff's claims and in support of Defendants' affirmative defenses asserted in Defendants' Answer to Plaintiff's Second Amended Complaint prior to hearing on Plaintiff's Motion for Summary Judgment.

# V.
# PRAYER

For these reasons, Defendants Ronald S. Herndon, Herndon Marine Products, Inc., Gulf King Services, Inc. and Sea Services, Inc. respectfully request that this Court deny Plaintiff's Motion for Summary Judgment (Dkt. #19) and strike Plaintiff's summary judgment evidence from the record. Alternatively, Defendants respectfully request this Court grant a continuance on the hearing of Plaintiff's Motion for Summary Judgment so that Defendants may conduct the

---

[32] *See*, *e.g.*, *Resolution Trust Corp. v. North Bridge Assoc's, Inc.*, 22 F.3d 1198, 1202-03 (1st Cir. 1994) ("The rule [56(f) motion, now codified at Rule 56(d)(2)] is intended to safeguard against judges swinging the summary judgment axe too hastily.").

discovery necessary to better demonstrate the multiple genuine disputes of material fact raised by Plaintiff's pleadings and present in Plaintiff's Motion for Summary Judgment. Finally Defendants seek all such other and further relief, whether general or specific, at law or in equity, to which they may show themselves justly entitled.

        Respectfully submitted,

        **CHAMBERLAIN, HRDLICKA, WHITE,**
            **WILLIAMS & AUGHTRY**

        By: _/s/ Kenneth W. Bullock, II_
           DANIEL D. PIPITONE
           State Bar No.: 16024600
           S.D.TX. No.: 0294
        Two Allen Center
        1200 Smith Street, 14th Floor
        Houston, Texas 77002
        Telephone: (713) 654-9670
        Facsimile: (713) 356-1070

        **ATTORNEY-IN-CHARGE FOR**
        **DEFENDANTS RONALD S. HERNDON,**
        **HERNDON MARINE PRODUCTS, INC.,**
        **GULF KING SERVICES, INC. AND**
        **SEA SERVICES, INC.**

**OF COUNSEL:**

**CHAMBERLAIN, HRDLICKA, WHITE,**
    **WILLIAMS & AUGHTRY**
KENNETH W. BULLOCK, II
State Bar No.: 24055227
S.D.TX. No.: 675132
Two Allen Center
1200 Smith Street, 14th Floor
Houston, Texas 77002
Telephone: (713) 654-9637
Facsimile: (713) 356-1070

**WALLACE & WHEELER, LLP**
ROBERT WALLACE, JR.
State Bar No. 20778900
711 N. Carancahua, Suite 800
Corpus Christi, Texas 78401
Telephone: (361) 884-8811
Facsimile: (361) 884-8812

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all known counsel of record, by the method indicated below, on this, the 4th day of May 2012.

***Via E-Filing***
Mr. Kenneth Magidson, United States Attorney
Mr. Ernest C. Garcia, Assistant United States Attorney and Attorney-In-Charge
United States Attorney's Office
919 Milam, Suite 1500
P.O. Box 61129
Houston, Texas 77208

                                       */s/ Kenneth W. Bullock, II*
                                       Daniel D. Pipitone

1014361_1