IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | **JURY TRIAL DEMANDED** |
| *Petitioner,* § | | |
| § | | |
| v. § | | |
| § | | **CIVIL ACTION NO. 2:11-cv-00318** |
| **RONALD S. HERNDON,** § | | |
| **HERNDON MARINE PRODUCTS, INC.,** § | | |
| **GULF KING SERVICES, INC. and** § | | |
| **SEA SERVICES, INC.,** § | | |
| *Defendants.* § | | |

### REPLY TO PLAINTIFF UNITED STATES OF AMERICA'S RESPONSE TO AMENDED MOTION TO WITHDRAW

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Daniel D. Pipitone and Kenneth W. Bullock, II, and respectfully file and submit this Reply to Plaintiff's Response to Amended Motion to Withdraw.

1. By filing its Response to the Amended Motion to Withdraw, Plaintiff necessarily suggests it has any standing to opine about the undersigned counsels' relationship with Defendants and their ability to continue to represent Defendants' interests in this litigation. Rather, the decision about whether to grant such a motion rests solely within the discretion of the court. *See In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). Additionally, Plaintiff's attempt to impose conditions upon the undersigned's withdrawal impermissibly invades this Court's province in deciding matters reserved for this Court's broad discretion.

**A. GOOD CAUSE EXISTS FOR WITHDRAWAL.**

2. The Fifth Circuit in *In re Wynn* held that counsel withdrawal is a matter left up to the sound discretion of the courts, and withdrawal may be granted upon showing of good cause. *Id.* Texas Disciplinary Rule of Professional Conduct 1.15(b) governs counsel termination of

representation by listing seven factors, any of which may be taken alone as an appropriate ground for withdrawal:

> (b) Except as required by paragraph (a), a lawyer shall not withdraw from representing a client unless:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes may be criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetuate a crime or fraud;
> (4) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.15(b)(1)-(7), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2005) (Tex. State Bar R. art. X, § 9).

3. Notably, none of these factors makes any reference to opposing counsel. Instead, these factors focus on the relationship between the client and the attorney. D.R. 1.15(b)(1)-(7). Plaintiff offers no factual basis for its opposition, other than an inference that it may be inconvenienced. This is simply not a factor for this Court to consider.

4. Disciplinary Rule 1.15 permits withdrawal, among other things, when the client has made representation unreasonably difficult. D.R. 1.15(b)(6). The undersigned has repeatedly requested Defendants' cooperation with procuring documents, scheduling meetings, discussing legal strategy, and other matters vital to the successful progression of a case; however, attempts have been largely ineffectual. While not directly ignored, nothing of substance has ever transpired from the undersigned's requests for participation in this litigation. As a result, the undersigned

counsel has been left without any of the tools required to build or maintain a proper defense. This client inaction has made representation unreasonably difficult, and, therefore, represents a proper ground for attorney withdrawal.

5. Additionally, Disciplinary Rule 1.15 states that withdrawal should be permitted if it can be accomplished without material adverse effect on the interests of the client. D.R. 1.15(b)(1). As such, the importance of Defendants' consent to the undersigned's withdrawal of representation cannot be overstated.

6. Defendants' consent distinguishes the present circumstances from the cases cited by Plaintiff. Plaintiff's Response refers this Court to unpublished *White v. BAC Home Loans Servicing, LP* for the proposition that lack of communication is not an adequate reason for granting leave to withdraw. No. 3:09-CV-2484-G, 2010 WL 2473833, *3 (N.D. Tex. June 15, 2010) (unpublished). This case can easily be distinguished by looking at one vital fact: unlike the client in *White*, Defendants have consented to the withdrawal of the undersigned. *Id.* In *White*, the court's only evidence of miscommunication was its interpretation of the truth of the attorney's own declaration. *Id.* In contrast, Defendants themselves have corroborated the truth of the undersigned's assertions by giving their consent to withdraw.

*7.* Disciplinary Rule 1.15 also allows for withdrawal when financial burdens have become unreasonable. D.R. 1.15(b)(6). Present circumstances are such that the financial difficulties for both the undersigned and the Defendants have become unsustainable, giving the undersigned no choice but to withdraw from representation.

8. The existence of any single factor would be enough to allow counsel to withdraw. Taken together, the totality of the circumstances described above are more than adequate to satisfy the requisite conditions and good cause required for counsel withdrawal. *See In re Wynn*, 889 F.2d

at 646; *Murphy v. YRC Inc.*, No. A-10-CA-970 L.Y., 2011 WL 3902760 (W.D. Tex. 2011) (disagreement about how to respond to issues raised by settlement agreement formed the basis of good cause to grant counsel's motion to withdraw, over client objection); *see also* D.R. 1.15(b).

**B. PLAINTIFF'S ATTEMPTS TO CONDITION WITHDRAWAL ARE IMPROPER.**

9. Plaintiff's request that this Court impose conditions upon any order allowing withdrawal is also misplaced. First, Plaintiff endeavors to condition withdrawal upon a response to Plaintiff's Motion to Compel Discovery. This condition highlights the very essence of the communication conflict between Defendants and the undersigned, underlying the need to withdraw that is at the heart of this motion. Requiring a response prior to withdrawal would be futile and would do nothing to further the interests of justice or the expediency of pending proceedings.

10. Second, Plaintiff cites an unpublished case to demand that the undersigned remain active until a substitute attorney-in-charge is designated. This ignores the fact that Defendants have given their consent to withdrawal and, therefore, this condition would impose an unreasonable burden upon the undersigned. Additionally, Texas attorney Robert B. Wallace, Jr. has identified himself as an attorney of record for Defendants. As of the time of this motion, Mr. Wallace has made no attempt to withdraw. While he may later seek to withdraw for similar reasons as the undersigned, any arrangement regarding his presence in future proceedings is a matter of discussion that should take place solely between Defendants and Mr. Wallace himself. Presently, withdrawal of the undersigned will not leave Defendants in a position where they are left only with *pro se* representation.

11. Third, Plaintiff implies that granting a motion to withdraw will cause delay. The undersigned's original motion has already assured all parties involved in the proceedings that withdrawal will in no way delay the litigation process but, rather, was filed so as to ensure proper

pursuit of justice. Pursuant to this Court's March 23, 2012 Scheduling Order, this case is not set for trial until March 18, 2013.[1]

12. This distant trial date distinguishes the present facts from *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33 (1993), one of only two published cases cited by Plaintiff. In *F.T.C.*, an attorney sought to withdraw as counsel one month before trial. *Id.* at 34. The court found that granting the motion would impose a hardship on all parties and, therefore, denied the request to withdraw. *Id*. In contrast, parties to the present suit will not face any hardship, inasmuch as they have the entirety of eight (8) months to prepare for trial. Client consent is not discussed in *F.T.C.* but, again, Defendants' consent must be reemphasized as a valid attorney/client agreement of crucial importance for this Court to consider when it decides whether to grant the undersigned's motion.

WHEREFORE, PREMISES CONSIDERED, the undersigned counsel respectfully urge that this Honorable Court enter an Order by which their representation of the Defendants Ronald S. Herndon, Herndon Marine Products, Inc., Gulf King Services, Inc. and Sea Services, Inc. shall be withdrawn.

---

[1] *See* Dkt. #20.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY**

By: /s/ Daniel D. Pipitone
    DANIEL D. PIPITONE
    State Bar No.: 16024600
    S.D.TX. No.: 0294
    KENNETH W. BULLOCK, II
    State Bar No.: 24055227
    S.D.TX. No.: 675132
Two Allen Center
1200 Smith Street, 14th Floor
Houston, Texas 77002
Telephone: (713) 654-9670
Facsimile: (713) 356-1070

**ATTORNEYS FOR DEFENDANTS RONALD S. HERNDON, HERNDON MARINE PRODUCTS, INC., GULF KING SERVICES, INC. AND SEA SERVICES, INC.**

**OF COUNSEL:**

**WALLACE & WHEELER, LLP**
ROBERT WALLACE, JR.
State Bar No. 20778900
711 N. Carancahua, Suite 800
Corpus Christi, Texas 78401
Telephone: (361) 884-8811
Facsimile: (361) 884-8812

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all known counsel of record, by the method indicated below, on this the 7th day of June 2012.

*Via E-Filing*
Mr. Ernest C. Garcia, Assistant United States Attorney and Attorney-In-Charge
United States Attorney's Office
919 Milam, Suite 1500
P.O. Box 61129
Houston, Texas 77208

        /s/ Kenneth W. Bullock, II
        Kenneth W. Bullock, II